## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN M. MACK,                                    *

      Plaintiff                              *

      v.                                     *        Case No.: JFM 02-3089

STATE OF MARYLAND, et al.                        *


      Defendants                             *

*    *    *    *    *    *    *    *    *    *    *    *

## THE MAYOR AND CITY COUNCIL OF BALTIMORE'S
## MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW**,** the Defendants, the Mayor and the City Council of Baltimore and the Mayor Martin O' Malley in his official capacity[1] ("the City"), by their attorneys, Deborah K. St. Lawrence, Chief Solicitor of Labor, Employment and Personnel, and Freda Lukov Kleinman, Assistant City Solicitor, pursuant to Fed. R. Civ. P. 12(b)(6) and moves this Honorable Court to dismiss the Plaintiff's Amended Complaint against it with prejudice and without leave to amend and for the reasons therefore states as follows:

1.      Count VI of the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted;

2.      Count VII of the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted;

---

[1] "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989). "The actions of O' Malley were beyond those of his office and were acts of a private citizen, but were made so that the impetus and color of his office would be felt by the remark." (*Amended Comp.* ¶ 53)

3.      Count VIII of the Plaintiff's Amended Complaint fails to state a claim

upon which relief can be granted;

4.      Count IX of the Plaintiff's Amended Complaint fails to state a claim upon

which relief can be granted;

5.      Count X of the Plaintiff's Amended Complaint fails to state a claim upon

which relief can be granted;

6.      The attached memorandum is support of the Defendants' motion to

dismiss.


WHEREFORE, as a result of the foregoing, the Defendants respectfully requests

the Court enter an Order granting Defendants' motion to dismiss with prejudice without

leave to amend as to Counts VI, VII, VIII, IX, and X of the amended complaint.



Respectfully submitted,


___/s/_____
DEBORAH K. ST. LAWRENCE (25052)
Chief Solicitor
(signed by Freda Lukov Kleinman with
permission of Deborah K. St. Lawrence)

___/s/_____
FREDA LUKOV KLEINMAN
Assistant Solicitor (26340)
Labor, Employment & Personnel
Baltimore City Department of Law
100 Holliday Street
Baltimore, Maryland 21202
(410) 396-3938
Attorneys for Mayor & City Council
of Baltimore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June 2003, a true copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint were filed in accordance with the Electronic Filing Requirement and Procedures as established by the U.S. District Court for the District of Maryland, with postage prepaid copies sent to: J. Joseph Curran, Attorney General, 200 St. Paul Street, Baltimore, Maryland 21202, Charles G. Byrd, Jr., Esquire, Alston & Byrd, 2518 Maryland Avenue, Baltimore, Maryland 21218.

\_\_\_\_/s/_____
FREDA LUKOV KLEINMAN
Assistant Solicitor (26340)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN M. MACK, | * | |
| Plaintiff | * | |
| v. | * | Case No.: JFM 02-3089 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

*    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM IN SUPPORT OF**
**THE MAYOR AND CITY COUNCIL OF BALTIMORE'S**
**MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW**,** the Defendants, the Mayor and the City Council of Baltimore and the Mayor Martin O' Malley in his official capacity ("the City"), by their attorneys, Deborah K. St. Lawrence, Chief Solicitor of Labor, Employment and Personnel, and Freda Lukov Kleinman, Assistant City Solicitor, pursuant to Fed. R. Civ. P. 12(b)(6), submits the following memorandum in support of its motion to dismiss.

**PRELIMINARY STATEMENT**

The Plaintiff filed an action against the City, Mayor Martin O' Malley, the State of Maryland, the Baltimore Police Department ("BPD"), Former Baltimore Police Commissioner Edward T. Norris, and Major Antonio Williams of the Baltimore Police Department.   As against the City, the Plaintiff asserts claims of employment discrimination in violation of 42 U.S.C. §1983 against Mayor Martin O' Malley in his

4

official capacity (Count VI); violation of civil rights 42 U.S.C. §1983 against Mayor

Martin O' Malley in his official capacity (Count VII); interference with contract rights

against Mayor Martin O' Malley in his official capacity (Count VIII); conspiracy against

Mayor Martin O' Malley in his official capacity (Count IX); intentional infliction of

emotional distress against Mayor Martin O' Malley in his official capacity (Count X);

violation of civil rights 42 U.S.C. §1983 against the City.


### STATEMENT OF FACTS

On April 2001, the Plaintiff, John M. Mack, an African-American and a former

member of the Baltimore Police Department ("Department") was present at a nightclub

unlicensed to sell alcohol that was raided by the Maryland Comptroller's Office.

*Amended Complaint* at ¶ 7. The Plaintiff's department issued weapon was found behind

the bar. *Amended Complaint* at ¶ 7. Pending an investigation, the Plaintiff's police

powers were suspended in April of 2001. *Amended Complaint* at ¶ 12 . The Plaintiff was

terminated from the Department as result of this incident. *Amended Complaint* at ¶ 13.


### STANDARD OF REVIEW

Dismissal for failure to state a claim upon which relief can be granted is proper

under Fed. R. Civ. P. 12(b)(6) when "it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations." *See Hishon v. King &*

*Spaulding,* 467 U.S. 69, 73 (1984), *citing, Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Fourth Circuit has stated that "the purpose of a Rule 12(b)(6) motion is to test the

sufficiency of a complaint; 'importantly [a Rule 12(b)(6) motion does not resolve

contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"

*See Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999), *quoting, Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992).

## ARGUMENT

I. **The Plaintiff has failed to state a claim against the City under 42 U.S.C. §1983.**

Count X of the complaint seeks to assert a claim under 42 U.S.C. §1983 for violations of the Plaintiff's federal civil rights. The Plaintiff has not pleaded sufficient facts to state a claim against the City under federal law.

Municipalities can be subject to liability for violations of federal civil rights under certain circumstances. A municipality "is only liable when it can be fairly said that the city itself, not its servants, is the wrongdoer." *Canton v. Harris*, 489 U.S. 378, 385 (1989). It cannot under the theory of respondeat superior, be held vicariously liable for the actions of its agents or servants.[2] *Monell v. New York Department of Social Services,* 436 U.S. 658, 694 (1978).

"Local governing bodies… can be sued directly under Section 1983…where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. A complaint which "appears to have merely attached a conclusory allegation of 'policy' to what in essence is a claim based on a single unconstitutional act", must be dismissed. *Giarrusso v. Chicago*, 539 F.Supp. 690, 693 (N.D. Ill. 1982). *See also Daughtry v. Arlington County, Virginia*, 490 F.Supp. 307, 311

---

[2] The City maintains that under state law the Baltimore Police Department and its officials are not agents or servants of the City. *Clea v. Baltimore*, 312 Md. 662 (1988).

(D.C. 1980) (plaintiffs "cannot rely on conclusory allegations but instead must plead facts which show that a county policy or custom directly caused injury to plaintiff's constitutional rights"); *Ivery v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled"). Not only must the policy or custom under attack be "fairly attributable to the municipality as its 'own', it must also be the "moving force" behind the particular constitutional violation. *Spell v. McDonald*, 824 F.2d 1380, 1387 (4th Cir. 1987) *cert denied*, 484 U.S. 1027 (1988).

In the present case, the Plaintiff has asserted *respondeat superior* liability on the part of the City and has failed to allege any facts to show a policy, custom or practice of the City that was the moving force behind the alleged deprivation of his rights. Therefore, the complaint does not contain sufficient factual allegations to support a claim of municipal liability. Accordingly, the Plaintiff has not stated a cause of action against the City under §1983 and the Court should dismiss Count X with prejudice.

### A.  As a matter of law, the Plaintiff cannot state a §1983 claim against the City.

The Court should dismiss Court X of the complaint with prejudice, because as a matter of law, the Plaintiff cannot state a §1983 claim against the City.

In order to be liable under §1983 for police misconduct, the City must have been a "final policy maker." *Pembaur v. Cincinnati*, 475 U.S. 469 (1986). It is state law that defines the relationship between the municipality and its officials and the police department and that determines whether the municipality or its official is to be deemed a policy maker for federal law purposes. *St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). ("the identification of policy making official is a question of state law.")

In *McMillian v. Monroe County, Ala.*, 520 U.S. 781 (1977), the Supreme Court considered whether an Alabama county sheriff was a policy maker in the area of law enforcement for county or for the State. The Court emphasized that its inquiry was dependent on an analysis of state law, *Id*. at 786, and that, although the simple labeling of an official as a state or county official would not answer the inquiry, "our understanding of the actual function of a governmental official, in particular area, will necessarily be dependent on the definition of the official's functions under relevant state law." *Id.*

Even though the sheriffs were paid and equipped by the county, each sheriff's jurisdiction was limited to the borders of his county and sheriffs were elected locally, the Court concluded that sheriffs were acting for the State when engaged in law enforcement. *Id*. at 791-793.  Sheriffs were State policy makers because (1) sheriffs were required to perform duties for the state courts; (2) sheriffs were charged by law with the duty and authority to enforce the state criminal laws; (3) counties had no law enforcement powers; and (4) county commissioners could not instruct or direct sheriffs in their enforcement activities. *Id*. at 789-91.

When the nature of the BPD is considered under a *McMillian* analysis, it becomes apparent that police officers of the BPD, when engaged in law enforcement activities, are State actors or policy makers.

The General Assembly constituted the BPD as an agency of the State, intending to remove the police force from the City's control. Like the Alabama sheriffs, police officers of the BPD have been given the duty and authority to enforce the State's criminal laws. PUBLIC LOCAL LAWS OF BALTIMORE CITY, §§16-2 and 16-3. The City did not delegate its law enforcement authority to the BPD; the City was stripped of that authority

by the General Assembly. *Id.*  Moreover, like the counties in *McMillian*, the City government has no law enforcement powers. See, e.g., *Green v. Baltimore*, 181 Md. 372, 374 (1943); *Adams v. Baltimore Transit Co.*, 203 Md. 295, 311 (1953) (City is deprived of the power of enforcing its ordinances); and *Baltimore v. Silver*, 263 Md. 439, 441 (1971) ("… the City has no power with regard to the enforcement of the law…") In addition, again like the counties in *McMillian,* the City and its officials are prohibited from exercising any control over the BPD. BALTIMORE CITY CHARTER, Art. II §27, *supra.*

The parallels between the situation in *McMillian* and the limited relationship between the City and the BPD are striking. Under the *McMillian* analysis, the BPD is an agency of the State and not of the City when acting as a law enforcement agency. If police officers are policy makers, then they are not policy makers for the City, which is prohibited from operating the police force. Similarly, because the City and its officials are explicitly prohibited by state law from exercising any control over the operation of the BPD, the City cannot be a final policy maker for the BPD and its officials. Therefore, it is impossible for the Plaintiff to state a claim against the City under 42 U.S.C. §1983.

The underlying reason why the City cannot be held liable under federal law for the acts of the BPD or its officials is that, in order to be subject to liability, a defendant ought to have the power to avoid liability. In other words, the City should not be held accountable for the tortuous acts of police officials, unless the City and its officials can control and supervise officials of the BPD. The City and its officials, however, are prohibited by BALTIMORE CITY CHARTER, Art. II §27, from exercising operational control over the BPD. Certainly it cannot be proper for the courts to require the violation

of a statute as the price for avoiding liability. The City is prohibited by law from controlling police officers or the operations of the BPD, the City and its officials cannot reasonably be held liable for failing to do those things.

**State Law Claims – Interference with Contractual Rights, Conspiracy, and Intentional Infliction of Emotional Distress (COUNTS VII, VIII, IX)**

> **II.    Under Maryland Law, the Baltimore Police Department is a State Agency and not an Agency of the City.**

If the Court dismisses Plaintiff's federal claims, then it is within the Court's discretion whether to exercise pendent jurisdiction over the remaining state law claims. *Hector v. Weglein*, 558 F.Supp. 194, 206 (D. Md. 1982) *citing Moor v. County of Alameda,* 411 U.S. 693 (1973). The Supreme Court, and this Circuit in particular, have often articulated however, that if the federal claims are dismissed prior to trial, the court should not exercise its pendent jurisdiction over the state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) ("needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal law claims are dismissed before trial…the state claims should be dismissed as well"); *Jones v. Ziegler*, 894 F.Supp. 880, 896 (D. Md. 1995) ("a majority of the courts which have considered the question have declined to exercise pendent jurisdiction over state claims when the federal claims have been disposed of prior to a full trial on the merits"). There is no compelling reason for the Court to exercise pendent jurisdiction over Plaintiff's state law claims.

However, even if this Court decides to exercise pendent jurisdiction in this case, the Court must apply state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992) ("the state's interest in resolving

10

matters of state law should have guided the exercise of federal judicial discretion."). In doing so, Plaintiff's state law claims would have been dismissed as against the City and the Mayor in his official capacity as Plaintiff cannot state a claim upon which relief can be granted.

In Counts VII, VIII, IX, respectively, Plaintiff attempts to assert state law claims of interference with contractual rights, conspiracy, and intentional infliction of emotional distress against the City. The premise for these claims is that the City is responsible for the actions of police officers under the theory of respondeat superior. Under Maryland law, however, neither the Mayor nor the City can be held liable for the alleged tortious misconduct of officers of the Department. *Ashton v. Brown*, 339 Md. 70, 104 n.18 (1995); *Clea v. Mayor and City Council of Baltimore*, 312 Md. 662 (1988) (the court held that "Baltimore City cannot be held liable under the doctrine of respondeat superior for torts committed by Baltimore City police officers acting within the scope of their employment, inasmuch as the police department is an agency of the state, not municipality): *Williams v. Mayor and City Council of Baltimore*, 128 Md. App. 1 (1999), *rev'd on other grounds*, 359 Md. 101 (2000) (police department is a state agency and, for tort liability purposes, an officer of the Department is an employee of the State and not of the City).

The Department was created by the General Assembly, "constituted, and established as an agency and instrumentality of the State of Maryland." PUBLIC LOCAL LAWS OF BALTIMORE CITY, §16-2 (a). The intent of the legislation creating the Department was to pre-empt municipal authority over the Department. "The law deprives the City authorities of all control, or interference with, the police of the City." Baltimore v. State, 15 Md. 376, 455 (1860); *see also The Baltimore Police Case of 1860*, 26 MD. L.

REV. 215 (1966). Decisions by the Court of Appeals have specifically held that the City is not the employer of the BPD.[3] *Clea v. Mayor and City Council of Baltimore*, 312 Md. 662 (1988*); Ashton v. Brown*, 339 Md. 70, 104 n.18 (1995). Thus, it must be concluded that the City did not exercise the requisite control over the Baltimore Police Department and Counts VII, VIII, IX, should be summarily dismissed with prejudice.

### A. The Plaintiff has failed to comply with the statutory notice provisions for giving notice of claims against local governments.

The Local Government Tort Claims Act ("LGTCA") provides that "…an action for unliquidated damages may not be brought against a local government…unless the notice of the claim…is given within 180 days after the injury." MD. CODE ANN. Cts. & Jud. Proc. Art., § 5-304. The LGTCA further requires that a claimant's notice "be in writing and…state the time, place and cause of the injury." *Id.,* § 5-304(b)(3). Timely filing of the notice of a claim is a "condition precedent" to bringing the claim. *Ennis v. Crenca*, 322 Md. 285, 292 (1991). It is intended to provide to local governments the opportunity to make a timely investigation of the facts on order to ascertain the character and extent of the injury and their responsibility in connection with it. *Jackson v. Board of Co. Comm'rs.*, 223 Md. 164, 167 (1963).

The statutory notice provision has the effect of a statute of limitations. *Rich v. Mayor and City Council*, 265 Md. 647, 650 (1972). Compliance with the statute is a substantive element of a cause of action, *Neunschwander v. Washington Suburban Sanitary Com.*, 187 Md. 67 (1946), and should be alleged in the complaint. *Hargrove v.*

---

[3] By Chapter 367 of the 1867 Laws of Maryland, the General Assembly made the Department a State agency, and designated its officials and officers as State officers. Baltimore Police Department v. Cherkes, 140 Md. App. 282, 303 (2001); Clea v. Mayor of Baltimore and City Council of Baltimore, 312 Md. 662, 668 (1988).

*Baltimore*, 146 Md. App. 457, 462-63 (2002); *Madore v. Baltimore County*, 34 Md. App. 340, 345 (1976).

If a plaintiff can show good cause for a failure to comply with the notice requirements, the court may entertain the claim, but only if the defendant has not been prejudiced. MD. CODE ANN. Cts. & Jud. Proc. Art., § 5-304(c). The court does not consider the issue of prejudice until after the plaintiff has demonstrated good cause for the failure. *Hargrove v. Baltimore*, *supra; Downey v. Collins*, 866 F.Supp. 887 (D. Md. 1994).

In the present case, the Plaintiff has not alleged that he complied with the requirements of the notice statute with respect to his claims, and there has been no attempt to show good cause for his failure to give timely notice. The Plaintiff has alleged that he filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 6, 2002. The City had no notice of the Plaintiff's claims until the service of the complaint on April 21, 2003 over a year after the EEOC complaint was filed. Accordingly, the Plaintiff has failed to allege a substantive element of his causes of action and should not be permitted to pursue his claims.

## CONCLUSION

WHEREFORE, as a result of the foregoing facts and applicable law, the Defendants Mayor and City Council of Baltimore, respectfully requests that an Order be entered granting their Motion to Dismiss with prejudice.

Respectfully submitted,

___/s/_____
DEBORAH K. ST. LAWRENCE (25052)
Chief Solicitor
(signed by Freda Lukov Kleinman with
permission of Deborah K. St. Lawrence)

____/s/_____
FREDA LUKOV KLEINMAN
Assistant Solicitor (26340)
Labor, Employment & Personnel
Baltimore City Department of Law
100 Holliday Street
Baltimore, Maryland 21202
(410) 396-3938
Attorneys for Mayor & City Council
of Baltimore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June 2003, a true copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint and accompanying Memorandum were filed in accordance with the Electronic Filing Requirement and Procedures as established by the U.S. District Court for the District of Maryland, with postage prepaid copies sent to: J. Joseph Curran, Attorney General, 200 St. Paul Street, Baltimore, Maryland 21202, Charles G. Byrd, Jr., Esquire, Alston & Byrd, 2518 Maryland Avenue, Baltimore, Maryland 21218.


____/s/_____
FREDA LUKOV KLEINMAN
Assistant Solicitor (26340)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOHN M. MACK,                                              *

     Plaintiff                                         *

     v.                                              *        Case No.: JFM 02-3089

STATE OF MARYLAND, et al.                                  *

     Defendants                                       *

*    *    *    *    *    *    *    *    *    *    *    *

## ORDER

     UPON CONSIDERATION of the Defendants, Mayor and City Council of

Baltimore's Motion to Dismiss, and responses thereto, it is hereby

     ORDERED, that on this _____ day of _____, 2003, the

Defendants' Motion to Dismiss be that same and is,

     GRANTED with prejudice and without leave to amend.


                            _____
                            JUDGE
                            United States District Court
                            for the District of Maryland