IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

JOHN MACK
    Plaintiff

v.                                          Civil Action: JFM 02-3089

EDWARD NORRIS, et al
    Defendants

OPPOSITION TO
NORRIS' MOTION TO DISMISS OR STAY AMENDED COMPLAINT

    John Mack, by Frederic M. Brandes, his attorney, opposes Norris' Motion to Dismiss or Stay the Amended Complaint and for cause states that:

1. Perhaps counsel for Norris is the only individual associated with this action who missed the fact that the Amended Complaint was a complete re-write of the Complaint beginning with Count One through its end. This being so, it is difficult to comprehend how counsel for Norris could make the presumption that the Amended Complaint was a addition to the Complaint. Counsel for Norris is reaching for a point that eludes anyone who has been following the pleadings of this case.

2. Norris raises the issue of whether he has absolute immunity from liability by a grant of legislative immunity from the common law of the State of Maryland. Yet one wonders whether the State of Maryland, by common or statutory law, can grant immunity to a person and thereby empower that person to violate a victim's Constitutional rights. John Mack doubts the ability of the State of Maryland to make such a grant under the restrictions of the 14th Amendment to the Constitution of the United States.

3. Norris also claims the power to violate John Mack's Constitutional rights which he seeks to redress under 42 U.S.C. sec. 1983 because he has qualified immunity as a police officer. John Mack thought the power of local official to violate the rights of Black men and claim the protection of their offices had been settled in favor of the Constitution long ago. Abstention is a doctrine called for when an issue is raised under a state law for the first time and the District Court as a matter of comity believes the issue should be decided by the State. John Mack sees no new issue here for the State to decide as a matter of comity. His right to be free of violations of his Constitutional rights by malicious acts of Norris using the Color of Law, custom and usage is clear, and should be decided in this Court.

4. Counsel for Norris plays with the Court. There is no basis for proceeding under the Local Government Tort Claims Act. Norris acted in excess of his official powers as a private citizen, using the color law, usage and custom. The state claims against Norris are claims stated against Norris as a private citizen, not as a government official.

5. Norris is absurd! John Mack asserts the right to be tried before an impartial tribunal and asserts that Norris knowingly and intentionally robbed him of that right by going on public tirades against him in violation of Norris' duty designed to drive Mack from the police force and which ultimately did. Does Norris really intend to argue that the right to a fair tribunal before a governmental board of inquiry is a right he did not know of, despite the fact he was in charge of securing it to the police officers he commanded. Does Norris truly intend to assert that he was unaware that his public tirade as commander of the police force would not have a most heavy effect on the police force equal to that of an order, or does he intend to assert that he believes his police officers disregard his statement concerning police morale on a regular basis.

6. Norris once again misses the boat when he argues that he can not be sued for interference with the contract John Mack had with the State of Maryland and the Baltimore City Police Department. Norris argues the interference was in the scope of his employment. Mack first says he has pled a well founded count. Next Mack says that Norris' actions were in excess of his duties and therefore were not in the scope of his duties. Therefore, Norris is liable for the contractual interference he committed.

7. Mack asserts that Maryland common law concept of res judicata do not confer upon Norris the right to free himself from legitimate Constitutional and federal claims for which he would otherwise be liable. The federal government regulates the remedy of its wrongs, not the states. As to the state claims, Norris has not shown that the facts upon which these claims are based were known to John Mack at the time of the prior suits or that all material elements in the prior suits are contained in all the counts in this action. As Norris has the burden of proof and has failed to adduce such proof, John Mack requests the Court disregard the argument on the State counts.

WHEREFORE, John Mack requests that this Court deny the Motion to Dismiss or Stay Amended Complaint.

                                                _____
Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
(410) 561-0290

CERTIFICATION OF SERVICE

    I, Frederic M. Brandes, certify that on this 14th day of July, 2003, I mailed a copy of the aforesaid to Peter Saar, Howard Hoffman, 242 W. 29th Street, Baltimore, Maryland 21211, Freda Lukov Kleinman, 100 Holliday Street, Baltimore, Maryland 21202, Donald Huskey, William Phelan, Jr., 100 Holliday Street, Baltimore, Maryland 21202.

                                                    _____
                                                    Frederic M. Brandes