IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

JOHN MACK
    Plaintiff

    v.                                              Civil Action: JFM 02cv3089

STATE OF MARYLAND, et al
    Defendants

OPPOSITION TO
O'MALLEY'S MOTION TO
DISMISS THE AMENDED COMPLAINT

    John Mack, by Frederic M. Brandes, his attorney, opposes Martin O'Malley's Motion to Dismiss the Amended Complaint and for cause states that:

1. O'Malley deprived John Mack of his right to be tried by a fair and impartial tribunal which is a statutory right protected by due process. In so far as this right existed and protected his right to ongoing employment, which it did, O'Malley also deprived John Mack circuitously of his employment, but it is not the employment directly that John Mack comlains of, just the right to be tried fairly.

2. It is comforting that O'Malley informs John Mack that he could choose the color rope he was to hung by. O'Malley polluted the pool of individuals who would judge John Mack. The pool consisted of the various police agencies which were available to John Mack to choose from. In addition, the conspiracy between the parties took cognizance of the fact that O'Malley glosses over: Norris a principal conspirator in the move to oust John Mack would have the right to approve the police agency selected by John Mack. Certainly he would select an agency as polluted as he could find among John Mack's choices. Moreover, the right to be tried before John Mack's own Police Force, among men who knew him, was a precious right, taken from him by O'Malley. O'Malley then says John Mack could go to Court and get an order assuring the impartiality of his trial board. Given the publicity that O'Malley had given to the otherwise innocent actions of John Mack, O'Malley's possible negative public reactions to this tactic were seen as only causing John Mack more problems before any board he appeared before. O' Malley creates a paradigm: here is due process, we will hang you with it no matter which way you turn in our private capacities clothed in our official robes. Heaven help us when O'Malley tries to help us!

3. The issue of qualified immunity is red herring, just the kind that O'Malley likes to defect inquiry from John Mack's allegation's. John Mack is not suing the Mayor of Baltimore; John Mack is Michael O'Malley who exceeded his authority as Mayor and

acted as a private citizen. The allegation is well pled and must be accepted as true. If O'Malley wishes to prove that he acted within his official capacity, he can do so before a jury.

4. This Court has no basis to dismiss the 43 U.S.C. Sec. 1983 claims against O'Malley and therefore the supplemental jurisdiction of this Court regarding the state claims is proper.

5. As the Mayor of the City of Baltimore is not sued, the Local Government Tort Claims Act has no standing in this action.

6. O'Malley can not see beyond his nose! He believes he did not interfere with John Mack's contractual relationship with the State of Maryland and the Baltimore City Police Department because it ended according to due process principles. John Mack was run out of his position with the Police Department by a hostile trial board of Baltimore City Police Officers, rendered hostile intentionally and malicious by O'Malley for the sole purpose of the running out they accomplished when they recommended John Mack's ouster to O'Malley's known co-conspirator Norris who participated in the effort to run John Mack out of office with lies and unforgiving agitation designed to override all of Mack's right's as a Police Officer to due process. This constitutes an interference by O'Malley with John Mack's contract rights as a Baltimore City Police Officer. O'Malley just can't see it for the jargon he spouts.

7. As the wrongs alleged by John Mack would constitute torts and as these torts as alleged were committed in conspiracy between O'Malley and Mack and as O'Malley does not challenge the efficacy of the allegations but only the truth of them, the matter of the alleged conspiracy should be set down for a trial.

8. As has been noted, the Mayor of the City of Baltimore has not been sued; citizen Martin O'Malley has been sued. Therefore, the issue of whether this citizen is immune is immaterial.

WHEREFORE, John Mack requests that this Court deny the Motion to Dismiss.

_____
Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
(410) 561-0290