IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN M. MACK, | * | |
| Plaintiff | * | |
| v. | * | Case No.: JFM 02-3089 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**RESPONSE TO PLAINTIFF'S OPPOSITION OF
THE MAYOR AND CITY COUNCIL'S
MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, the Defendants, the Mayor and the City Council of Baltimore and the Mayor Martin O' Malley in his official capacity[1] ("the City"), by their attorneys, Deborah K. St. Lawrence, Chief Solicitor of Labor, Employment and Personnel, and Freda Lukov Kleinman, Assistant City Solicitor, to respond to the Plaintiff's opposition to the Mayor and City Council's Motion to Dismiss and pursuant to Fed. R. Civ. P. 12(b)(6) moves this Honorable Court to dismiss the Plaintiff's Amended Complaint for the reasons therefore states as follows:

The Plaintiff's opposition fails to rebut Defendant's contention that the amended complaint based on 42 U.S.C. §1983 liability cannot establish a claim against the City under federal law. A municipality can be subject to liability under § 1983 "only where the

---

[1] "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989). "The actions of O' Malley were beyond those of his office and were acts of a private citizen, but were made so that the impetus and color of his office would be felt by the remark." (*Amended Comp.* ¶ 53)

1

municipality itself causes the constitutional violation at issue." *Monell v. New York Department of Social Services,* 436 U.S. 658, 694 (1978). Not only must the policy or custom under attack be "fairly attributable to the municipality as its 'own'," it must also be the "moving force" behind the particular constitutional violation. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988). The Plaintiff has asserted respondeat superior liability on the part of the City and has failed to allege any facts to show a policy, custom or practice of the City that was the moving force behind the alleged deprivation of his rights. The amended complaint does not contain sufficient factual allegations to support a claim of municipal liability and the plaintiff has not stated a cause of action against the City under §1983.

The Plaintiff failed to comply with the Local Government Tort Claims Act, which requires that "…an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." MD. CODE ANN., Cts. & Jud. Proc. Art., § 5-304. The Plaintiff alleges that this Court may waive the notice provision of the LGTCA. If a plaintiff can show good cause for a failure to comply with the notice requirements, the court may entertain the claim but only if the defendant has not been prejudiced. MD. CODE ANN., Cts. & Jud. Proc. Art., § 5-304(c). Although it is within the discretion of the court to determine if there is good cause to waive the notice requirement, the Plaintiff has not filed a motion for waiver of the notice requirement and has not alleged facts demonstrating good cause for his failure to meet the notice requirement.

WHEREFORE, the Defendants, the Mayor and City Council of Baltimore, respectfully requests that an Order be entered granting their motion to dismiss with prejudice and without leave to amend.

Respectfully submitted,

\_\_ /s/_____
DEBORAH K. ST. LAWRENCE (25052)
Chief Solicitor
(signed by Freda Lukov Kleinman with
permission of Deborah K. St. Lawrence)

\_\_\_/s/_____
FREDA LUKOV KLEINMAN
Assistant Solicitor (26340)
Labor, Employment & Personnel
Baltimore City Department of Law
100 Holliday Street
Baltimore, Maryland 21202
(410) 396-3938
Attorneys for Mayor & City Council
of Baltimore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July 2003, a true copy of the foregoing Response to Plaintiff's Opposition of the Mayor and City Council's Motion to Dismiss Plaintiff's Amended Complaint were filed in accordance with the Electronic Filing Requirement and Procedures as established by the U.S. District Court for the District of Maryland.

                          ___/s/_____
                          FREDA LUKOV KLEINMAN
                          Assistant Solicitor (26340)