IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN M. MACK            *

    PLAINTIFFS          *

V.                      *    CASE NO. JFM 02-3089

EDWARD NORRIS,
BALTIMORE POLICE DEPARTMENT,  *
    ET AL.
                              *
    DEFENDANTS
_____/

**DEFENDANT NORRIS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT NORRIS' MOTION TO DISMISS/STAY AMENDED COMPLAINT**

Former Baltimore Police Commissioner, Edward Norris ("Defendant Norris"), moves to strike, or in the alternative, to reply to Plaintiff's Opposition to Defendant Norris' Motion to Dismiss/Stay Amended Complaint, and in support thereof, states as follows:

### *Motion to Strike*

On **May 1, 2003**, Defendant Norris moved to dismiss, pursuant to FRCP 12(b)(6), all of the counts alleged against him in Plaintiff's Amended Complaint. Rather than file an Opposition within 14 days thereto, see Local Rule 105(2)(a), Plaintiff filed a *facsimile* request with this Court on **June 11, 2003** requesting an additional 30 days in which to respond to Defendant Norris' Motion to Dismiss. Plaintiff's request, attached hereto as Exhibit 1, clearly indicated that he would respond to Defendant Norris' "within thirty days of

this letter." The Court, having granted Plaintiff's request,[1] thereby allowed Plaintiff's counsel until July 11, 2003 an opportunity to respond to Defendant Norris' Motion to Dismiss.

However, Plaintiff's opportunity to file an Opposition within thirty days passed. Only after counsel for Defendant Norris submitted a proposed Order on July 14, 2003, did Plaintiff's counsel file his Opposition. Plaintiff's Opposition is thus out-of-time and was filed without leave of this Court.[2] Accordingly, Defendant Norris moves to strike Plaintiff's Opposition, which was filed out-of-time and without leave. See Local Rule 105(2)(a) ("All motions must be filed within deadlines set by the Court.").

### *Reply to Plaintiff's Opposition*

Defendant Norris' Reply is set forth in like-numbered paragraphs that correspond to the paragraphs set forth in Plaintiff's Opposition.

1. It is comforting to know that Plaintiff has withdrawn his original *pro se* Complaint, in favor of his Amended Complaint.

---

[1] Had Plaintiff's counsel submitted a copy of his request to counsel for the Defendants, counsel for Defendant Norris would have strongly disagreed with Plaintiff's counsel's assertions that he was unable to reach counsel for Defendant Norris via telephone. In fact, telephone records reveal that counsel for the Plaintiff **did in fact** leave a telephone message for counsel for Defendant Norris, but he made no mention of a request for additional time. (Exh. 2). But this message was the only message received from Plaintiff's counsel. Interestingly, Plaintiff's counsel made no effort to contact counsel for Defendant Norris in writing, as could be required under Local Rule 105(9).

[2] Any value in allowing the Plaintiff an opportunity to respond out-of-time is not present in this case. Plaintiff's Opposition contains nary a single source of legal authority, relying instead on multiple instances of ridicule as an attempt to underscore his belated points.

    Perhaps that was not made clear enough, as Plaintiff's counsel failed to comply with Local Rule 103(6)(c).

2. Without citing authority to the contrary, Plaintiff merely "wonders" whether legislative immunity can provide an absolute defense to a § 1983 suit. This issue, however, has been resolved in favor of Defendant Norris. See <u>Bogan et al. v. Harris</u>, 523 U.S. 44 (1998). In <u>Bogan</u>, the Supreme Court in reviewing the history of legislative immunity, explained that legislative immunity was a defense at common law, and that "Congress did not intend the general language of § 1983 to 'impinge on a tradition so well grounded in history and reason.' " <u>Id.</u> at 49 (quoting <u>Tenney v. Brandhove</u>, 341 U.S. 367 (1951) (holding state legislators absolutely immune from liability under § 1983 for their legislative activities). The Court further reasoned that "[r]egardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by fear of personal liability." <u>Id.</u> at 52. Officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions. <u>Id.</u> at 55. Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it. <u>Id.</u> at 54. Defendant Norris' speech before the City Council is

     entitled to legislative immunity, including from suits brought under § 1983.

3. As set forth in Defendant Norris' Motion to Dismiss/Stay Amended Complaint, the Defendant has demonstrated that the Plaintiff's so-called rights were not "clearly established." Nothing contained in Plaintiff's Opposition contains a cogent argument against Defendant Norris' invocation of qualified immunity.

4. Leaving aside Plaintiff's unfortunate characterization that Defendant Norris' counsel "plays with the Court," the Local Government Tort Claims Act ("Act"), Cts. And Jud. Proc. § 5-301 *et seq.*, clearly applies in this case. Section 5-304(a) of the Act requires that a local government be notified within 180 days of an injury, as a condition precedent to bring suit against a local government *or its employees*. §5-304(a). An entity covered by the Act, such as the Baltimore Police Department, is liable "for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." § 5-303(b)(1). The Act further provides a duty to defend and immunizes employees from having judgments executed against them personally for non-malicious tortious acts or omissions committed within the scope of

employment. §5-302. But while it is true that notice is not required under the Act where an action is based on alleged conduct outside of the employee's scope of employment, see Ennis v. Crenca, 322 Md. 285, 294 (1991), the Plaintiff "must allege with clarity and precision those facts which make the conduct fall 'outside the scope of the public employment.'" Chinwuba v. Larsen et al., 142 Md. App. 327, 370 (2001). " 'Magic words' that are not supported by specific facts will not suffice," and merely alleging a public employee's tortious act was unauthorized is not sufficient. See id. " 'An act may be within the scope of employment, even though forbidden or done in a forbidden manner, or consciously criminal or tortious… .' " Id. at 371 (citation omitted). " 'An employee's authorized conduct might fall within the scope of employment if it was of the same general nature as conduct that was authorized or incidental to that conduct.' " Id. (citation omitted). Where, as here, a plaintiff contends that the particular conduct about which he complains was unauthorized, he must allege specific facts raising an inference that the public employee knew that his conduct was unauthorized. Id. However, the Plaintiff here has rested his case upon nothing more than conclusory allegations that his "state claims against Norris are claims stated against Norris

as a private citizen, not as a government official." (Pl.'s Opp. ¶4). Accordingly, such an allegation is insufficient to avoid dismissal.

5. See Defendant Norris' reply in paragraph 3, *supra*. The Plaintiff has failed to adduce a single case in support of his argument that his rights were "clearly established."

6. Plaintiff claims that Defendant Norris is liable for interference with contract because his actions were "in excess of his duties and therefore were not in the scope of his duties." (Pl.'s Opp. ¶6). As stated *supra*, Plaintiff's mere recitation of "magic words" unsupported by specific facts are not sufficient to plead that Defendant Norris' actions were not within the scope of his public employment. See Chinwuba v. Larsen et al., 142 Md. App. at 370.

7. Without citing any authority, the Plaintiff contends that the "Maryland common law concept of res judicata" does not confer "upon Norris the right to free himself from legitimate Constitutional and federal claims for which he would be otherwise liable." (Pl.'s Opp. ¶7). Plaintiff's argument is well-taken, but misguided. It is quite clear that the Full Faith and Credit Clause of article IV of the U.S. Constitution, requires federal courts to give the same preclusive effect to state court judgments as would be given

to them in state court. Church v. Maryland, 180 F. Supp.2d 708, 747 (D.Ct. Md. 2002) ("It is now well-settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.") (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Weathersby v. Kentucky Fried Chicken Nat. Man. Co., 804 F. Supp. 756, 760 (D.Ct. Md. 1992) (citations omitted). This same principle applies to federal civil rights actions which follow on the heels of actions in state court. Weathersby, 804 F. Supp. at 760. The Plaintiff also argues that Defendant Norris has not shown that the Plaintiff knew of his claims at the time of his prior suit. (Pl.'s Opp. ¶7). However, demonstrating that the litigant had knowledge of his claims is not an element of res judicata. See Auslander v. Helfand et al., 988 F. Supp. 576, 581 (D.Ct. Md. 1997) ("The existence of the claim, rather than knowledge of a claim, is determinative.").

Plaintiff's out-of-time Opposition only reveals more reasons why his Amended Complaint totally and completely fails to state a claim upon which relief may be granted. Defendant Norris prays that this Court dismiss this Case against him, with prejudice and without leave to amend.

Respectfully submitted,

*signature*

Peter Saar, Esq., Bar # 26666
Deputy Legal Counsel

*signature*

Howard B. Hoffman, Esq., Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile: (410) 396-2126
*Attorneys for Former Baltimore Police Department Commissioner Edward Norris*