IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN M. MACK | * |
|    Plaintiff | * |
| v. | *   Case No. JFM 02-3089 |
| STATE OF MARYLAND et al. | * |
|    Defendants | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**REPLY MEMORANDUM IN SUPPORT OF MARTIN O'MALLEY'S
MOTION TO DISMISS AMENDED COMPLAINT**

Martin O'Malley ("the Mayor"), by his attorneys, Donald R. Huskey, Deputy City Solicitor, and William R. Phelan, Jr., Principal Counsel, submits the following reply memorandum of law in support of his motion to dismiss the amended complaint.

### INTRODUCTION

The Plaintiff, John M. Mack, has filed an amended complaint against the State of Maryland, the Baltimore Police Department ("BPD"), former Baltimore Police Commissioner Edward T. Norris, Major Antonio Williams of the BPD, Mayor Martin O'Malley and the Mayor and City Council of Baltimore ("the City"). As against the Mayor, the Plaintiff asserts a claim under 42 U.S.C. §1983 for denial of due process (Count 6); and state law claims for interference with contract rights (Count 7), conspiracy (Count 8), and intentional infliction of emotional distress (Count 9). Mayor O'Malley filed a motion to dismiss the amended complaint and the Plaintiff filed a response in opposition to that motion.

### ARGUMENT

**THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE MAYOR.**

A. *There was no deprivation of due process in the Plaintiff's termination.*

In his motion to dismiss the amended complaint, Mayor O'Malley argued that the Plaintiff could not establish that the Mayor had deprived him of a property or liberty interest. The Plaintiff has replied that he does not complain that the Mayor deprived him of his employment, but rather that the Mayor deprived him of his right to an impartial trial board. As has been pointed out in the Mayor's motion to dismiss, Mayor O'Malley could not, as a matter of law, deprive the Plaintiff of his job or of due process in the form of an impartial trial board.

The termination of the Plaintiff's employment was accomplished without any deprivation of due process, for there can be no deprivation of due process where the state has provided an adequate post-deprivation remedy. *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 U.S. 627, 643 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330 (1986). There were four different procedural safeguards, three of them predeprivation, that the Plaintiff could have used to ensure that his trial board was not tainted by bias. Clearly, there was no deprivation of due process in the termination procedure. Because there was no deprivation, the matter of the Mayor's alleged statements is irrelevant and the Plaintiff cannot state a claim against the Mayor.

B. *The Mayor is entitled to qualified immunity.*

In his opposition, the Plaintiff has argued that, because he is suing Mayor O'Malley in his individual capacity, the Mayor may not avail himself of qualified immunity. However, "officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity

defenses such as objectively reasonable reliance on existing law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Indeed, because an action against an official in his or her official capacity is equivalent to an action against the entity of which the official is an agent, *id*., the official would not need to assert such a defense if he or she were sued only in an official capacity. In the present case, therefore, the Mayor is entitled to assert the defense of qualified immunity.

      C. *The Local Government Tort Claims Act applies to the state law claims.*

The Plaintiff has argued that, because he is not suing Martin O'Malley as Mayor, the Local Government Tort Claims Act ("LGTCA") does not apply to the state law claims. The notice of claim provision of the LGTCA applies to actions against "a local government or its employees." MD. CODE ANN., Cts. & Jud. Proc. Art., §5-304. Martin O'Malley is an employee of the Mayor and City Council of Baltimore, a local government under the LGTCA. *Id*., §5-301(d)(4). Therefore, the LGTCA, which requires that a plaintiff provide timely notice of claims, i*d*., §5-304, applies to this case. Because the Plaintiff has not alleged that he complied with the notice requirement of the LGTCA, he has failed to state a state law claim against the Mayor.

## CONCLUSION

For these reasons and those set forth in Mayor O'Malley's motion to dismiss and its accompanying memorandum of law, the Mayor respectfully requests that the Court dismiss the amended complaint as to him with prejudice and without leave to amend.

                                    Respectfully submitted,

                                    /s/
                                DONALD R. HUSKEY (22981)
                                Deputy City Solicitor
                                (signed by William R. Phelan, Jr. with the permission of Donald R. Huskey)

/s/
------------------------------
WILLIAM R. PHELAN, JR. (24490)
Principal Counsel
BALTIMORE CITY DEPARTMENT OF LAW
100 Holliday Street
Baltimore, Maryland 21202
Telephone: 410-396-3249; 410-396-4094
Facsimile:  410-547-1025
Attorneys for Mayor Martin O'Malley