IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN M. MACK                              *

    PLAINTIFF                             *

V.                                        *   CASE NO. JFM 02-3089

EDWARD NORRIS,
BALTIMORE POLICE DEPARTMENT,              *
    ET AL.
                                          *
    DEFENDANTS
_____/

DEFENDANT NORRIS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT NORRIS' MOTION TO STRIKE

    Former Baltimore Police Commissioner, Edward Norris ("Defendant Norris"), replies to Plaintiff's Opposition to Defendant Norris' Motion to Strike, and states as follows:

I.   Facts

    On **May 1, 2003**, Defendant Norris moved to dismiss all of the counts set forth in Plaintiff's Amended Complaint. Rather than respond within 14 days (i.e., May 15, 2003), Plaintiff's counsel requested on **June 11, 2003** an extension of **30 additional days** to respond to the date of his letter. (Plaintiff's counsel never submitted a copy of his request for an extension to Defendant Norris' attorneys). This Honorable Court granted Plaintiff's request, allowing him to respond no later than **July 11, 2003**. Plaintiff then allowed this time to

lapse, and filed his opposition out-of-time, and without leave of court, on **July 14, 2003**.

Importantly, this is not the first time the Plaintiff has exceeded the time permitted for an extension, nor is it the first time the Plaintiff has made a request for an extension and not filed a copy with opposing counsel.[1]

## II. Argument

Plaintiff's counsel admits that he is tardy. But after previously citing responsibilities to other litigation and his poor health as reason for an extension, Plaintiff's counsel now explains that his tardiness is the result of the "necessity of having to deal with motions designed to take up valuable time on minutia." Compare (Pl.'s Req. for Ext., June 11, 2003) with (Pl.'s Opp. at ¶ 3).

However, whatever reason Plaintiff's counsel may have, Plaintiff has clearly failed to use the valuable time that this Court has generously given, by citing a single legal citation in opposition to any of Defendant Norris' arguments.

---

[1] Indeed, the subject concerning Defendant Norris' Motion to Strike is the **second** time during the course of this litigation that Mr. Brandes has obtained an extension of time from this Court – without submitting a copy to opposing counsel – and even then, exceeded his own request. The first time this occurred, Mr. Brandes was given to April 3, 2003 to file his Amended Complaint, yet filed the Amended Complaint two weeks later on April 17, 2003. At that time, Defendant Norris did not move to strike his Amended Complaint. However, the normal courtesy of forgiving missed deadlines need not continue when Mr. Brandes continues to deny this Defendant and others copies of the informal motions for extension of time that he files via facsimile with this Court, thereby avoiding the electronic filing procedures promulgated by this Court.

Instead, Plaintiff has consistently sought to strengthen his own hand by ridiculing, mocking, and nicknaming public servants and their dedicated attorneys. Cf. Local Rule 606 ("The Court expects all of its judges and all counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court.").

Plaintiff opposes Defendant Norris' Motion to Strike, citing a lack of prejudice. But the filing of Plaintiff's belated Opposition, with no legal argument and ripped only with hyperbole, is per se prejudicial as it serves only to perpetuate Plaintiff's lawsuit and drain resources from other public matters no doubt requiring this Court's attention. After all, this lawsuit was originally filed on September 18, 2002, and nearly a year later, the case has not yet progressed beyond the preliminary motions stage.

Moreover, the claims made by Mr. Brandes of being "exceedingly busy," as continual cause for his requests for extensions and tardy filings, should be viewed with a healthy degree of skepticism, as Mr. Brandes himself - during the same week he was requesting an extension - was busy trying to drum up other § 1983 actions. (Exh. 1).

Plaintiff's counsel has simply failed to proffer any satisfactory reason why this Court should ignore the requirements set forth in Local Rule 105(2)(a) ("All motions must be filed within deadlines set by the Court"). Nor has the Plaintiff sought leave to file his

belated Opposition. Cf. F.R.C.P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge … ").[2] And as noted above, Plaintiff's counsel's own reasons for missing deadlines and needing extensions are contradictory and suspect.

### III. Conclusion

Based on the foregoing, Defendant Norris prays that his Motion to Strike be granted.

Respectfully submitted,

_____
Howard R. Hoffman, Esq.,
Bar # 25965
Associate Solicitor
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
*Attorney for Former Baltimore Police Department Commissioner Edward Norris*

---

[2] Counsel for the Plaintiff argues that Defendant Norris' Motion to Strike is a "tempest in a teapot," but this is hardly a case where Defendant Norris is moving to strike Plaintiff's Opposition because it also violates Local Rule 102(2) ("Format of Court Papers"). Nor is it factually accurate to suggest that this is only a situation in which Plaintiff's Opposition was filed three days late. (Pl.'s Opp. Def.'s Mot. Strike, ¶¶ 2, 3). Three days late in this case would have meant that the Plaintiff filed his Opposition on **May 18, 2003**. Instead, the Plaintiff filed it two months later on **July 14, 2003**, after receiving only a thirty day extension from this Court. The delays occasioned by the Plaintiff, balanced with the value of including Plaintiff's Opposition as part of the record in this case, hardly weighs in favor of the Plaintiff.