**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHM M. MACK | * | |
|     Plaintiff | * | |
| v. | * | Case No.:  JFM-02-CV-3089 |
| STATE OF MARYLAND, et al | * | |
|     Defendants | * | |

           *    *    *    *    *    *    *

**<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT BY CO-DEFENDANT
MAJOR ANTONIO WILLIAMS</u>**

    Co-defendant Major Antonio Williams ("Williams"), pursuant to Fed. R. Civ. P. 12 (b)(6), moves this Honorable Court to dismiss the Plaintiff's Amended Complaint, and in support of said Motion, avers and states as follows:

    1.    Count 8 of Amended Complaint, which asserts a Conspiracy claim, fails to state a claim upon which relief can be granted;

    2.    Count 11 of the Amended Complaint, which asserts a federal Due Process Clause claim, fails to state a claim upon which relief can be granted;

    3.    Count 12 of the Amended Complaint, which asserts a claim for Intentional Infliction of Emotional Distress, fails to state a claim upon which relief can be granted;

    4.    Count 16 of the Amended Complaint, which asserts a purported Agency claim involving the State of Maryland, fails to state a claim upon which relief can be granted;

    5.    Count 17 of the Amended Complaint, which asserts a purported Agency claim involving the City of Baltimore, fails to state a claim upon which relief can be granted;

    6.    The federal claims are barred by federal law qualified immunity;

7.  The state claims must be dismissed because the Plaintiff has failed to comply, and to allege compliance, with the notice provisions of MD. CODE ANN., Cts. & Jud. Proc. Art., §5-304;

8.  The state claims are barred by state law qualified immunity.

WHEREFORE, for the reasons stated and discussed more fully in the accompanying Memorandum, co-defendant Major Antonio Williams respectfully requests that this Honorable Court will grant the Motion to Dismiss, and enter an Order dismissing the Courts 8, 11, 12, 16 and 17 of the Amended Complaint as to him.

Respectfully submitted,

/S/   Neal M. Janey
Neal M. Janey
*Federal Bar No. 02285*

The Janey Law Firm P.C.
The Equitable Building
Suite 722
10 North Calvert Street
Baltimore, Maryland 21202
Telephone:  410-783-7344
Facsimile: 410-783-7342

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2003, true copies of the foregoing **Motion to Dismiss Plaintiff's Amended Complaint By Co-Defendant Major Antonio Williams**, the accompany **Memorandum**, and the attached proposed **Order** were filed in accordance with the Electronic Filing Requirements and Procedures as established by the United States District Court for the District of Maryland, with copies sent by first class mail, postage

prepaid to:  Honorable J. Joseph Curran, Attorney General of Maryland, 200 St. Paul Street, Baltimore, Maryland 21202.

/S/   Neal M. Janey
Neal M. Janey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHM M. MACK | * | |
|     Plaintiff | * | |
| v. | * | Case No.:  JFM-02-CV-3089 |
| STATE OF MARYLAND, et al | * | |
|     Defendants | * | |

\* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT BY CO-DEFENDANT MAJOR ANTONIO WILLIAMS**

Major Antonio Williams, through undersigned counsel, files this Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint.

### A.  STATEMENT OF THE CASE

John M. Mack, a former police lieutenant who was terminated for misconduct, has filed an Amended Complaint against the State of Maryland, the Baltimore Police Department ("BPD"), former Baltimore Police Commissioner Edward T. Norris, Major Antonio Williams of the BPD, Mayor Martin O'Malley and the City of Baltimore.  He claims that the termination violated his federal civil rights and his federal constitutional rights.  He also claims that defendants are liable to him for certain tort damages that he has suffered.  Former Lt. Mack seeks to recover millions of dollars in damages.

### B.  STATEMENT OF FACTS

In his Amended Complaint, former Lt. Mack has alleged that on April 1, 2001, officers of the BPD executed a search warrant on Ronnie's Westside Gallery, an inner city strip bar, to determine whether the operators of the establishment were making illegal sales of unlicensed

1

liquor. *Amended Complaint* at ¶ 7. The Plaintiff was off duty and present on the premises with his service weapon concealed behind a bar counter in the establishment. *Amended Complaint* at ¶ 7.

The alleged case against Major Williams can be simply stated. After the raid, … "Mack contacted his supervisor, Williams, and informed him of these facts." *Amended Complaint*, ¶ 8 at 3. Williams demanded that … "Mack immediately report to [BPD] headquarters and await further action." *Amended Complaint*, ¶ 8, at 3. When Mack arrived at headquarters, Williams suspended … "Mack and his police powers," and forced him… "to take a breathalyzer and urine analysis." *Amended Complaint,* ¶ 9, at 3.

This short-lived administrative event forms the basis of a 17 Count Complaint that includes five separate counts and claims for relief against Major Williams.

### C. STANDARD FOR DECISION

Dismissal for failure to state a claim upon which relief can be granted is proper under Fed. R. Civ. P. 12 (b)(6), when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hihon v. King & Spaulding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957). The Fourth Circuit has stated that "the purpose of a Rule 12 (b)(6) motion is to test the sufficiency of a complaint; 'importantly [a Rule 12 (b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *See Edwards v. Goldsboro*, 178 F. 3d 231, 243 (4th Cir. 1999), quoting *Republican Party v. Martin*, 980 F. 2d 943, 952 (4th Cir. 1992).

### D.    ARGUMENT

1. <u>The Amended Complaint Fails to State a Conspiracy Claim Against Major Williams</u>

Under Count 8 of the Amended Complaint, Mack asserts a conspiracy claim in which he postulates that because of the order for suspension and testing, Williams no doubt had to be part of a conspiracy with former Commissioner Edward Norris and Mayor Martin O'Malley to terminate him and to … "destroy him emotionally, financially and socially within the Baltimore Community." *Amended Complaint*, ¶ 64, at 9. The claim is legally insufficient and without merit.

Major Williams adopts and incorporates herein by reference the legal arguments set forth on this issue in co-defendant Mayor Martin O'Malley's *Memorandum Of Law in Support Of Motion to Dismiss Amended Complaint*, Part III – C, at 13 – 14; and, in co-defendant Commissioner Edward Norris' *Memorandum Of Law In Support Of Motion To Dismiss Amended Complaint*, Part D – 5, at 23.

The conspiracy claim must be dismissed.

2. <u>The Amended Complaint Fails to State a Federal Due Process Clause Claim Against Major Williams</u>

Under Count 11 of the Amended Complaint, Mack asserts that the suspension and testing ordered by Williams deprived … "Mack due process in the administration of the rules and regulations of the Baltimore Police Department." *Amended Complaint*, ¶ 77, at 11, in violation of 42 U. S. C. § 1983. By citing the federal civil rights act, Mack has invoked the Due Process Clause of the Fourteenth Amendment as the basis of his claim. The claim is legally insufficient and without merit.

As noted by this Honorable Court, … "procedural rights in themselves do not create substantive property rights protected by the Fourteenth Amendment." *Carroll v. City of*

*Westminster*, 52 F. Supp. 2d 546, 562 (D. Md. 1999), *aff'd* 233 F. 3d 208 (4th Cir. 2000); *quoting*, *Jackson v. Long*, 102 F. 3d 722 (4th Cir. 1996). Thus, Mack's assertion that he was deprived of due process by Williams in the "… administration of the rules and regulations of the Baltimore Police Department," is not legally sufficient to make out a federal Due Process Clause claim.

Plaintiff fails to allege that the administrative actions taken by Williams deprived him of a liberty interest in violation of the Due Process Clause. Plaintiff was terminated from employment by co-defendant Commissioner Edward Norris, not by Williams. Accordingly, Plaintiff has no basis for assertion of a Due Process Clause, liberty interest, deprivation claim against Williams.

In support of this latter argument, Williams adopts and incorporates herein by reference the legal argument set forth on this issue in co-defendant Major Martin O'Malley's *Memorandum Of Law In Support Of Motion To Dismiss*, Part I – A, at 4 -5.

The Due Process Clause claim must be dismissed.

3. <u>The Amended Complaint Fails to State a Claim Against Major Williams For Intentional Infliction of Emotional Distress</u>

Plaintiff alleges: (a) that the administrative actions of Major Williams were "intentional and reckless," *Amended Complaint*, ¶ 80, at 11; and "extreme and outrageous", *Amended Complaint*, ¶ 81, at 11; (b) that there is "… a causal connection between Williams' actions and [his] pain and suffering, *Amended Complaint*, ¶ 82, at 12; (c) that his "… suffering was extreme," *Amended Complaint*, ¶ 83, at 12; and (d) that Williams' actions "… were malicious." *Amended Complaint*, ¶ 84, at 12.

Plaintiff also alleges as follows:

4

> As a result of these actions John Mack suffered great financial loss, great pain and mental suffering from the past to the present and likely to continue into the future, lost wages from the time of these events to the present and likely into the future and great sums for medical care to be cured of his illness some of which may be permanent and he has had to expend large suns on counsel fees to protect his rights.

*Amended Complaint*, ¶ 85, at 12.

The claim is legally insufficient and without merit.

Major Williams adopts and incorporates herein by reference the legal arguments set forth on this issue in co-defendant Mayor Martin O'Malley's *Memorandum Of Law In Support Of Motion To Dismiss Amended Complaint*, Part III – D, at 15 – 18; and in co-defendant Edward Norris' *Memorandum Of Law In Support Of Motion To Dismiss Amended Complaint*, Part D – 3, at 20 – 21.

The claim for Intentional Infliction for Emotional Distress must be dismissed.

4.   <u>The Amended Complaint Fails to State Claims Against Major Williams For Liability As An Agent of the State of Maryland, Or As An Agent of the City of Baltimore</u>

Under Count 16 of the Amended Complaint, Mack alleged that Williams was acting as an agent of the State of Maryland when he was deprived of his federal civil rights by the State with respect to what he describes as his "contract of employment with the State" as alleged in Count 14.

Under Count 17 of the Amended Complaint, Mack alleged that Williams was acting as an agent of the City of Baltimore when he was deprived of his federal civil rights by the City with respect to what he describes as his "contract of employment with the Baltimore Police Department" as alleged in Count 15.

Both claims are legally insufficient and without merit.

5

Major Williams adopts and incorporates herein by reference the legal arguments on those issues as set forth in co-defendant Commissioner Edward Norris' *Memorandum Of Law In Support Of Motion To Dismiss*, Part C, at 16 – 17.

In addition, as a matter of law, the Baltimore Police Department is an agency of the State of Maryland. It is not an agency of the City of Baltimore as alleged by Plaintiff. Furthermore, Major Williams, as a matter of law, is an official of the State. He is not an official of the City of Baltimore as alleged by Plaintiff. Accordingly, he could not have been acting as an agent for the City of Baltimore as alleged by Plaintiff.

Major Williams adopts and incorporates herein by reference the legal argument on this issue as set forth in co-defendant City of Baltimore's *Memorandum Of Law In Support Of The Motion To Dismiss*, Part 2, at 10 – 12.

The so-called Agency claims for liability must be dismissed.

5. <u>Major Williams Asserts That The Federal Claims and State Claims Both Are Barred By Qualified Immunity</u>

Under Maryland law, as a police officer, Major Williams is regarded as a public official. He has qualified immunity from suit with respect to both the federal claims and the state claims under the doctrine of qualified immunity.

The qualified immunity arguments that have been asserted by co-defendants Commissioner Edward Norris and Mayor Martin O'Malley apply to Major Williams with equal force.

Major Williams adopts and incorporates herein by reference the legal arguments on those issues as set forth in co-defendant Commissioner Edward Norris' *Memorandum Of Law In Support Of Motion To Dismiss,* Part B, at 9 – 16; and as set forth in co-defendant Mayor Martin

6

O'Malley's *Memorandum Of Law In Support Of Motion To Dismiss*, Part II – C, at 8 – 9 and Part III – E, at 18 – 19.

Under the doctrines of qualified immunity and statutory public official immunity, the claims must be dismissed.

6. <u>The Amended Complaint Fails to State Any State Law Claims For Which Relief Can Be Granted Because Plaintiff Has Not Complied With the Notice Requirements Of the Local Governmental Tort Claims Act</u>

With respect to the lack of notice issue, Major Williams adopts and incorporates herein by reference the legal arguments on this issue that have been set forth by three other co-defendants in this case.

*See,* Co-Defendant Mayor Martin O'Malley's *Memorandum Of Law In Support Of Motion To Dismiss,* Part III – A, at 10 – 12; Co-Defendant Commissioner Edward Norris's *Memorandum Of Law In Support Of Motion To Dismiss*, Part D – 1, at 17 – 18; and, Co-Defendant City of Baltimore's *Memorandum Of Law In Support Of Motion To Dismiss*, Part II – A, at 12 – 13.

All state law claims must be dismissed.

7

**E.   CONCLUSION**

For the reasons stated, Co-Defendant Major Antonio Williams respectfully requests that this Honorable Court will enter the proposed Order and will dismiss Plaintiff's Amended Complaint as to him.

Respectfully submitted,

/S/   Neal M. Janey
Neal M. Janey
*Federal Bar No. 02285*

The Janey Law Firm P.C.
The Equitable Building
Suite 722
10 North Calvert Street
Baltimore, Maryland 21202
Telephone:  410-783-7344
Facsimile: 410-783-7342

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHM M. MACK | * | |
| Plaintiff | * | |
| v. | * | Case No.: JFM-02-CV-3089 |
| STATE OF MARYLAND, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

## ORDER

The Motion to Dismiss Plaintiff's Amended Complaint By Co-Defendant Major Antonio Williams, and any opposition thereto having been read and considered, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland,

ORDERED and ADJUDGED:

    1.    That the Motion is hereby GRANTED;

    2.    That the Amendment Complaint is hereby DISMISSED as to Co-Defendant Major Antonio Williams; and,

    3.    That Judgment is hereby ENTERED in favor of Co-Defendant Major Antonio Williams and against Plaintiff John M. Mack.

                                                                                           _____
                                                                                            Honorable J. Frederick Motz
                                                                                            United States District Judge