IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

JOHN MACK
    Plaintiff

    v.                          Civil Action:  JFM 02-cv-3089

STATE OF MARYLAND, et al
    Defendants

### MOTION TO ACCEPT OPPOSITION
### AND
### OPPOSITION TO WILLIAM'S
### MOTION TO DISMISS AMENDED COMPLAINT

    John Mack, by Frederic M. Brandes, his attorney, moves this Court to accept his Opposition to William's Motion to Dismiss John Mack's Amended Complaint and submits herein his Opposition to said Motion and state's that:

1. The Motion to Dismiss was submitted late for reasons explained by Williams.

2. Counsel for Mack has been suffering from an acute exacerbation of congestive heart failure which along with a strenuous schedule which has had to be adjusted to meet the demands of his illness has caused him to be late in filing this and other pleadings. The lateness does not reflect any disrespect toward this Court but rather a recognition of a deterioration of counsel's health in the last year which he has tried to adjust to while at the same time he seeks to undergo rigorous therapy to regain his health.

3. John Mack requests that this Court accept this Opposition under these circumstances.

4. Williams takes the position that the administrative actions taken by him did not deprive John Mack of a liberty or property interest. However, John Mack was suspended from his job and defamed by the tests that were administered. The tests were not normally administered to officers unless they were suspected of drug or alcohol offenses. The suspension made an innuendo that gave live to a defamatory statement in administering the tests to all those who knew of the innuendo and the tests.

5. Williams was acting within the scope of his authority as an officer of the State of Maryland when he committed the acts alleged. The allegations are sufficient.

6. Alternatively, the actions of Williams are outside of the scope of his duties and therefore he is not subject to qualified immunity.

7. This Court has the authority to waive the limitations of the Maryland Tort Claims Act and should do so in this case because of the paramount equities favoring John Mack in so far as the State claims are covered by it. If the State claims flow against individual as opposed to State officers. The issue of the Maryland Tort Claims Act becomes irrelevant.

 

_____
Frederic M. Brandes
2126 Folkstone Road
Timonium, Maryland 21093
(410) 561-0290