IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN M. MACK                          *
                                      *
        v.                            *     Civil No. JFM-02-3089
                                      *
STATE OF MARYLAND, ET AL.             *
                                   *****

MEMORANDUM

Presently pending are motions to dismiss filed by defendants the Mayor and City Council of Baltimore, Mayor Martin O'Malley, former Baltimore Police Commissioner Edward Norris, and Major Antonio Williams.  The motions to dismiss the federal claims against each of these defendants are granted.  In light of the dismissals of those claims, I will decline to exercise supplemental jurisdiction over state law claims asserted against these defendants.[1]

Lying at the heart of plaintiff's federal claims against the moving defendants is the allegation that plaintiff's due process rights were violated.   According to plaintiff, Mayor O'Malley and former Commissioner Norris made public statements intended to bias potential members of a departmental trial board that was to be convened to determine whether plaintiff should be removed from the police force.[2]  Assuming that to have been their intention, Maryland law provided plaintiff with both pre-

_____

[1]In declining to exercise supplemental jurisdiction, I am not implying that there is any merit to plaintiff's state law claims.

[2]To the extent that plaintiff's claims against former Commissioner Norris are based upon statements made by Norris to the Baltimore City Council, the claims fail not only for the reasons stated in the text of this opinion but also because anything that Norris said in that context was protected absolute legislative immunity.  *See generally Bogan v. Harris*, 523 U.S. 44 (1998), (extending legislative immunity to municipal legislative bodies); *Sherrard v. Hull*, 53 Md. App. 553, 558 n.2, 456 A.2d 59 (1983) (conferring immunity upon witnesses as well as legislators).

deprivation and post-deprivation remedies to cure any prejudice that might have infected the trial board process.  Accordingly, plaintiff cannot prevail on a claim under 42 U.S.C. §1983.  *See generally Florida Prepaid Post Secondary Education Expense Board v. College Savings Bank*, 527 U.S. 627, 643 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 475 U.S. 327, 330 (1986).[3]

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: September 29, 2003          /s/_____

                                 J. Frederick Motz
                                 United States District Judge

---

[3]Major Williams is alleged only to have conspired to deny plaintiff his due process rights. Because those rights were not violated, the conspiracy claim likewise necessarily fails. As to plaintiff's claim against the Mayor and City Council of Baltimore, not only has plaintiff failed to state an underlying claim under 42 U.S.C. §1983, he also has failed to make any of the allegations required by *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978) to support municipal liability.